UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRENDON ALAN MCCORD,

        Plaintiff,

    v.                                                                   Case No. 18-C-1951

MEGAN MOORE,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Brendon Alan McCord, who was incarcerated at the time of filing, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Nurse Megan Moore was deliberately indifferent to his medical needs while incarcerated at the Milwaukee County Jail. In particular, Plaintiff claims that Moore should have checked his blood pressure and temperature as part of her evaluation of his complaints of an asthma attack, chest pains, shortness of breath, and vomiting. Presently before the court is Moore's motion for summary judgment. McCord has not responded to the motion for summary judgment, and the time to do so has passed. This fact alone is sufficient cause to grant the defendant's motion. Civil L. R. 7(d). For the following additional reasons, Moore's motion will be granted and the case will be dismissed.

### BACKGROUND

Because McCord did not respond to the motion for summary judgment, Moore's proposed findings of fact (Dkt. No. 36) are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); Civil L.R. 56(b)(4) ("The Court will deem

uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment."). At all times relevant to this matter, McCord was housed at the Milwaukee County Jail. McCord alleges that, on August 21, 2018, he called for assistance complaining that the food he ate at the jail resulted in symptoms of food poisoning, including an asthma attack, chest pains, shortness of breath, and vomiting. In response to his complaints, Nurse Moore questioned McCord about the food he ate and about his condition. Moore examined McCord by placing her hands on McCord to assess his skin temperature and the presence of diaphoresis, or sweating. She inspected McCord's cell and observed vomit with undigested food in and around the toilet. Following her evaluation of McCord and inspecting his cell, Moore consulted with her supervisor, RN Shoemaker, who recommended that McCord be given Zofran, an anti-nausea and anti-vomiting medication. McCord received the Zofran and was scheduled for a follow-up appointment with a health care provider.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of showing that there are no facts to support the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citation omitted). "Material" means that the factual dispute must be outcome-determinative under the law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and

sufficient evidence that, were a jury to believe it, would support a verdict in the nonmoving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The moving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. It imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm violates the Eighth Amendment. *Id.* at 828; *see also Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). This does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. To prove a claim of deliberate indifference, the plaintiff must "establish that he suffered from 'an objectively serious medical condition' and that the 'defendant was deliberately indifferent to that condition.'" *Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018) (quoting *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016)).

Moore asserts that McCord has not demonstrated that Moore was deliberately indifferent to an objectively serious medical condition. Deliberate indifference requires more than negligence or even gross negligence; it requires that the defendant knew of, yet disregarded, an excessive risk to McCord's safety. *Farmer*, 511 U.S. at 835, 837; *see also Estelle*, 429 U.S. at

3

104. It is not enough to show that prison officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). "[D]eliberate indifference may be inferred based upon a medical professional's erroneous treatment only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996).

McCord's allegation of deliberate indifference is based on his belief that Nurse Moore should have checked his blood pressure and temperature during the evaluation. The law makes clear, however, that "neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Indeed, a "medical professional's treatment decisions will be accorded deference 'unless "no minimally competent professional would have so responded under those circumstances."'" *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008)). The record shows that, Nurse Moore assessed McCord shortly after he complained of food poisoning symptoms. Moore asked McCord about the food he ate and about his condition, then examined McCord by placing her hands on him to assess his skin temperature and the presence of sweating. She inspected his cell and observed vomit that contained undigested food in and around the toilet. Following her evaluation of McCord and inspection of his cell, Moore consulted with her supervisor, RN Shoemaker, who recommended that McCord be given Zofran, an anti-nausea and anti-vomiting medication. McCord received the Zofran and subsequently attended a follow-up appointment with a health care provider. McCord has not demonstrated that Moore's decision to omit checking his blood pressure or temperature was a substantial departure from accepted professional judgment. *See Estate of Cole by Pardue v.*

4

*Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996). There is no evidence that Moore's decision had an impact on the course of treatment prescribed or caused McCord any injury. McCord has failed to establish that Nurse Moore was deliberately indifferent to his medical needs. Accordingly, the court will grant Moore's motion for summary judgment.

## CONCLUSION

For these reasons, Moore's motion for summary judgment (Dkt. No. 32) is **GRANTED**. The Clerk is directed to enter judgment dismissing this case with prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 13th day of January, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court